UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 14 2008
Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| Henry W. Geter II, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08 0832 |
| Horning Brothers Corporation *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court are plaintiff's application to proceed *in forma pauperis* and his complaint brought *pro se*. The application will be granted and the complaint dismissed pursuant to 28 U.S.C. § 1915(e)((2) (requiring dismissal of the case "at any time" the court determines that the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted).

Plaintiff, a District of Columbia resident, sues a District of Columbia-based residential housing management company, two of its property managers, and the attorney who represented them in a previous action before this Court, *Geter v. Horning Brothers Management*, Civ. Action No. 07-0757 (RBW) ("*Geter* I"). Plaintiff alleges that "[t]he primary cause of this action is a long term inaction engaged in the violation of [s]tatutory law and a conspiracy to engage in the masking of and obstruction of justice . . . from the period October 2003 through April 2008. . . ." Compl. at 1. The action arises from plaintiff's "official request for 'Reasonable Accommodation'" in housing. *Id.*

Just one month earlier in *Geter* I, U.S. District Judge Reggie B. Walton entered judgment for the same defendants plaintiff sues here, except Attorney David P. Durbin who was not previously named as a defendant but appeared as defendants' counsel. *See Geter* I (case

docket). In this action, plaintiff adds Durbin as a defendant who allegedly "perpetrated a crime of fraud [perjury] against the Plaintiff in his representation(s) of the Defendants." Compl. at 6, ¶ 20.

As in this action, the previous action arose from the housing company's alleged failure to reasonably accommodate plaintiff for his disability between October 2003 and February 2007. *See Geter I*, Mem. Op. at 1-2; Compl. at 5. The main difference between the two complaints is that plaintiff brought the earlier action under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq*, and common law, *id.*, and has brought this action under the civil rights statute, namely, 42 U.S.C. §§ 1983, 1985, 1986, 1988, and common law, claiming conspiracy to deprive him of his statutory rights. Compl. at 3, 5-6. In granting defendants' motion for judgment on the pleadings in the earlier action, Judge Walton found on the merits that plaintiff could not prevail on his FHA claim and that he had failed to state a discrimination claim separate from the FHA claim and claims under common law. *See* Mem. Op. at 5.

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts'...." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977), and involving the same parties or their privies. *Taylor v. Blakey*, 490 F.3d 965, 969-70 (D.C. Cir. 2007) (citing cases). *Res judicata* bars not only the relitigation of claims that were previously raised, but also of claims that "*could have been raised* in that action." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 218 (D.C. Cir. 2004) (quoting *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002)) (emphasis in original). Thus, plaintiff may not circumvent this bar by raising a new legal theory. *Id.* In addition, the principle of collateral estoppel or issue preclusion bars the re-litigation of issues previously tried and decided in a court of competent jurisdiction. It "means

simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970); accord *Yamaha Corporation of America v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992); see *McCord v. Bailey*, 636 F.2d 606, 609 (D.C. Cir. 1980) *cert. denied*, 451 U.S. 983 (1981) (approving the raising of collateral estoppel by a defendant who was not a party or privy to the previous action). Because Judge Walton's ruling finally adjudicated the merits of the housing discrimination claim, plaintiff is procedurally barred from litigating that claim anew.

In two separate counts against Durbin captioned "Wrongful Civil Proceedings, Malicious Prosecution," Compl. at 7, and "Negligence," *id.* at 9, plaintiff alleges that Durbin had an affirmative duty to, among other acts, "reasonably inquire whether the statutory law was in support of the Plaintiff's Complaint" and "reasonably inquire whether the court pleadings against defendants were true. . . ." *Id.* at 8. He also alleges that Durbin "did neglect his duty not to authorize, sign, or file civil actions for improper purposes against the Plaintiff['s] Complaint." *Id.* at 9. These claims are simply frivolous because (1) Durbin neither filed nor prosecuted an action against plaintiff, (2) plaintiff has not alleged a duty owed him by Durbin that was breached, and (3) "the District of Columbia has long recognized an absolute privilege for statements made preliminary to, or in the course of, a judicial proceeding, so long as the statements bear some relation to the proceeding." *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001).

For the foregoing reasons, the complaint will be dismissed by separate Order issued contemporaneously.

Date: April 2\_\_, 2008

Royce C. Lamberth
United States District Judge